UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JEROME CALDWELL, <br> Plaintiff, <br> v. <br> OFFICER ANDREW J. BEKY and SUPERVISOR WILLIAMS, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 19-cv-0214 |

**O P I N I O N**
**Defendants' Motion to Dismiss for Failure to State a Claim—GRANTED**

**Joseph F. Leeson, Jr.**                                                                      **October 1, 2019**
**United States District Judge**

**I. INTRODUCTION**

*Pro se* Plaintiff Jerome Caldwell commenced this putative civil rights action on or about January 15, 2019, alleging that his constitutional rights were violated during a physical altercation with an Allentown Police Officer. Specifically, Caldwell states that on August 31, 2018, Defendant Police Officer Andrew J. Beky[1] physically assaulted him after a Domino's pizza delivery driver called the police claiming that Caldwell had failed to pay for an order of pizza. *See generally* Compl., ECF No. 2. Officer Beky and another individual identified as Supervisor Williams now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a viable claim. *See generally* Defs.' Mem., ECF No. 13. For the reasons set forth below, Defendants' motion to dismiss is granted, however, Caldwell is granted leave to re-plead *one* of his potential claims.

---

[1] The Complaint identifies this individual as "Officer Beky Andrew J."

## II.   BACKGROUND

### A.   Facts Alleged in the Complaint

The following facts are drawn from Caldwell's Complaint and are accepted as true, with all inferences drawn in Caldwell's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017) ("In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff."), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018).

Caldwell avers that on August 31, 2018, Officer Beky "slam[med] [Caldwell's] face on the hood of the [police] car causing injuries to [his] face[,] for[e]head[,] and eyes." Compl. at 6.[2] Although his allegations are difficult to make out, the alleged altercation between Beky and Caldwell appears to have arisen after a Domino's pizza delivery driver called the police claiming that Caldwell failed to pay for his pizza. *Id*. Caldwell claims that he had already paid for the pizza with a credit card over the telephone, however, when Officer Beky arrived at the scene he did not believe Caldwell's explanation. *Id*. According to the Complaint, Caldwell's injuries are visible in his Lehigh County Jail ID photograph. *Id*. At the bottom of his narrative statement, Caldwell states that he "reserve[s] all right [*sic*] to amend this Complaint." *Id*.

With respect to the legal authority upon which his claims are brought, the Complaint states that Caldwell's treatment at the hands of Officer Beky and his resulting injuries constitute

---

[2] The Complaint is not divided into separate paragraphs. The Court therefore cites to the page number of the Complaint as it appears on the ECF "ribbon" at the top of each page. The majority of his allegations appear on page 6 of the Complaint, which contains a narrative statement and is titled "Statement of Facts and Claim."

a "violation of the 8th Amendment of [*sic*] cruel a[nd] unusual punishment." Compl. at 6. Caldwell also claims that Officer Beky "willfully knowingly intentionally abuse[d] his authority," "torture[d]" him, and used "excessive force." *Id.*

B.     **Procedural Background**

Caldwell commenced this action on January 15, 2019, with the filing of the Complaint and a motion for leave to proceed *in forma pauperis*. *See* ECF Nos. 1, 2. The Complaint initially named four Domino's Pizza employees as Defendants. In an Order dated January 23, 2019, the Court granted Caldwell's motion to proceed *in forma pauperis* and dismissed his claims as to the four Domino's employees.[3] *See* ECF No. 5. Also on January 23, 2019, the Clerk of the Court sent Officer Beky and Supervisor Williams requests to waive service of the summonses. *See* ECF No. 6. On February 8, 2019, counsel for Officer Beky and Supervisor Williams noticed his appearance and formally waived service of the summonses. *See* ECF Nos. 8-10.

Defendants filed their motion to dismiss on April 2, 2019. *See* ECF No. 13. Having observed no docket activity for over two months thereafter, the Court issued an Order dated June 6, 2019, directing Caldwell to "mail to the Clerk of the Court a brief in opposition to the Motion to Dismiss *within fourteen days after he receives this order*," and advising him that "his failure to respond to the Motion to Dismiss may result in the motion being granted as uncontested and this case being dismissed without further notice." ECF No. 14 (emphasis in original). The Court never received any filing from Caldwell in opposition to the motion to dismiss.

---

[3]     The Court found that because the four Domino's employees were private actors, they were immune from liability under 42 U.S.C. § 1983, and the fact that they allegedly provided false information to the police—*i.e.*, that Caldwell did not pay for the pizza—did not transform them into state actors for purposes of that statute. *See* Opn. n.1, ECF No. 5.

**III.     STANDARD OF REVIEW:  RULE 12(b)(6)**

In rendering a decision on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." [4]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Of course, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Thourot v. Monroe Career & Tech. Inst.*, No. CV 3:14-1779, 2016 WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss).  The court's task then in deciding a motion to dismiss is to determine whether, based upon the facts as alleged and taken as true, and disregarding legal conclusions and conclusory assertions, the complaint states a plausible claim for relief.[5]  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out sufficient factual matter to show that its claims are facially plausible.").  It is only where "the '[f]actual allegations . . . raise a right to

---

[4] The Court is also cognizant that *pro se* pleadings, like Caldwell's Complaint, must be "liberally construed."  *Odrick v. Scully Co.*, No. CV 17-02566, 2018 WL 6044929, at *2 (E.D. Pa. Nov. 19, 2018).

[5] The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

relief above the speculative level'" that has the plaintiff stated a plausible claim.[6] *Phillips*, 515 F.3d at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  Put differently, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

### A. The Eighth Amendment

The Defendants' motion to dismiss rests exclusively on the contention that Caldwell cannot bring a claim for violation of his Eighth Amendment rights.  According to the Defendants, the Eighth Amendment right to be free from cruel and unusual punishments attaches only after an individual is convicted of a crime.  Because the alleged events forming the basis of his claim took place before Caldwell was convicted of a crime, the argument goes, the Eighth Amendment to the United States Constitution—the only legal authority explicitly identified in the Complaint—cannot form the basis of his claim, and the Complaint must be dismissed.  *See* Defs.' Mem. at 4.

As an initial matter, the Defendants correctly identify the scope of rights conferred by the Eighth Amendment as applying only to post-conviction detainees:  "[t]he Eighth 'was designed to protect those convicted of crimes . . . .'  Thus, the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'"[7] *Hubbard v. Taylor*,

---

[6] As the Supreme Court has counseled, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679

[7] In *Robinson v. California*, 370 U.S. 660, 667 (1962), the Supreme Court incorporated the Eighth Amendment's Cruel and Unusual Punishments Clause against the states through the Fourteenth Amendment's Due Process Clause.

5
092419

399 F.3d 150, 164 (3d Cir. 2005) (quoting *Whitley v. Albers,* 475 U.S. 312, 318 (1986) and *Graham v. Connor,* 490 U.S. 386, 392 n.6 (1989)). Even when read in the light most favorable to him, Caldwell's Complaint alleges mistreatment at the hands of Officer Beky that occurred *prior to* any conviction.[8] Accordingly, Defendants are correct that Caldwell is unable to assert a claim based on an alleged violation of his Eighth Amendment rights arising from the relevant incident, and this claim, to the extent Caldwell has attempted to plead it, must be dismissed.

### B. The Fourth Amendment

As the Court has previously noted, "[w]hen a plaintiff files *pro se*, [the court has] 'a special obligation to construe his complaint liberally.'" *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (quoting *Zilich v. Lucht*, 981 F.2d 694, 694 (3d Cir. 1992)); *see Caldwell v. Luzerne Cty. Corr. Facility Mgmt. Employees*, 732 F. Supp. 2d 458, 468 (M.D. Pa. 2010) (same). In the spirit of liberal construction and based on the underlying factual allegations, the Court easily identifies an attempt by Caldwell to plead an excessive force claim. Indeed, Caldwell states that Officer Beky "willfully knowingly intentionally abuse[d] his authority," "torture[d]" him, and used "excessive force." Compl. at 6. "[W]here, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be

---

[8] The Complaint is silent as to the existence of any conviction. What's more, the facts as presented indicate the alleged altercation likely took place before or during Caldwell's arrest, and therefore necessarily prior to any conviction for the underlying offense. The Court also notes that were Caldwell challenging the conditions of his confinement (or some similar alleged violation of rights protected by the Eighth Amendment) as a pre-trial detainee as opposed to a post-conviction detainee, his claim would be properly cognizable under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (explaining that "the due process rights of a [pre-trial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner").

secure in their persons . . . against unreasonable . . . seizures.'" *Boyden v. Twp. of Upper Darby*, 5 F. Supp. 3d 731, 736 (E.D. Pa. 2014) (quoting *Graham*, 490 U.S. at 394). Having identified an attempt to plead a Fourth Amendment claim,[9] the Court must determine whether such a claim is sufficiently pleaded to withstand dismissal under Rule 12(b)(6).

Excessive force claims in an arrest context are analyzed under an "objective reasonableness" standard, such that "to state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a seizure occurred and that it was unreasonable." *Boyden*, 5 F. Supp. 3d at 737 (quoting *Estate of Smith v. Marasco,* 430 F.3d 140, 148 (3d Cir. 2005)). Put another way, this Court's inquiry "is whether the force used to effect that seizure was excessive, and thus unreasonable. The reasonableness assessment 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Boyden*, 5 F. Supp. 3d at 737 (quoting *Graham*, 490 U.S. at 396).

Here, the specific factual allegations in Caldwell's Complaint can be distilled to the following: (1) Officer Beky "slam[med] [his] face on the hood of the [police] car causing injuries to [his] face[,] for[e]head[,] and eyes," Compl. at 6; (2) the alleged violative conduct took place after Officer Beky responded to a Domino's pizza delivery driver's telephone call to police claiming that Caldwell had not paid for his pizza, *id.*; and (3) Officer Beky "did not

---

[9] Although Caldwell does not specify, the Court construes such a claim to be raised pursuant to 42 U.S.C. § 1983, which "is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws.'" *Grammer v. John J. Kane Reg'l Centers-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (quoting *Maine v. Thiboutot,* 448 U.S. 1, 4-6 (1980)); *see Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 422 (3d Cir. 2004) ("Once the plaintiff establishes the existence of a federal right, there arises a rebuttable presumption that the right is enforceable through the remedy of § 1983.").

believe" Caldwell's explanation that he had already paid for the pizza by credit card over the telephone. *Id*. Apart from these allegations, the Complaint is limited to conclusory assertions regarding the harm Caldwell claims to have suffered and his desire to "hold[ ] the City and the County responsible." *Id*.

The few specific factual allegations identified above are, without more, insufficient to support a plausible inference that Officer Beky acted unreasonably in his interactions with Caldwell. Notably absent from the Complaint are *any* allegations as to Caldwell's conduct during his interaction with Officer Beky. Without any allegations as to the circumstances of the encounter beyond Officer Beky's alleged misconduct, the Court is unable to plausibly infer that Officer Beky's actions were objectively unreasonable. That is, the Court cannot "balanc[e] . . . the nature and quality of the intrusion on [Caldwell's] Fourth Amendment interests against the countervailing governmental interests at stake" in a manner that would lead to a plausible inference that Beky acted unreasonably—there is simply nothing against which to balance Beky's alleged conduct. *Boyden*, 5 F. Supp. 3d at 737 (quoting *Graham*, 490 U.S. at 396). *Compare Broadwater v. Fow*, 945 F. Supp. 2d 574, 584 (M.D. Pa. 2013) (finding that the complaint stated a claim for excessive force where the plaintiff alleged, *inter alia*, that he was pepper sprayed while restrained by a seatbelt and handcuffs in a patrol car, then removed from the car and struck in the face and tasered, despite never displaying any actions evincing an attempt to escape the patrol car). In light of Caldwell's failure to sufficiently plead a Fourth Amendment excessive force claim, this claim must be dismissed. Moreover, because Caldwell's Fourth Amendment claim is the only identifiable claim beyond the Complaint's erroneous reference to the Eighth Amendment, the Complaint in its entirety must be dismissed.

### C. Leave to Re-Plead

Although the Complaint in its current form requires dismissal, it is well recognized that "[i]n the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient." *Caldwell*, 732 F. Supp. 2d at 468 (citing *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir. 2007), *Weston v. Pennsylvania,* 251 F.3d 420, 428 (3d Cir. 2001), and *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000)). Additionally, it would seem Caldwell has preemptively sought leave to amend his Complaint, as he explicitly "reserve[s] all right [*sic*] to amend this Complaint." Compl. at 6. Because it is possible that amending the Complaint to add additional factual context might yield a viable Fourth Amendment excessive force claim, this claim is dismissed without prejudice. Caldwell is granted leave to amend his Complaint to re-plead this claim. He is, however, advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Moreover, as with Caldwell's initial Complaint, the amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Young*, 809 F. Supp. at 1198 (quoting FED. R. CIV. P. 8(d)(1)).

If he wishes to amend his complaint in this fashion, Caldwell shall file his Amended Complaint within thirty (30) days of the issuance of this decision.[10]

---

[10] As previously outlined, Caldwell failed to file opposition to the Defendants' motion to dismiss, this notwithstanding the Court directing such opposition by way of an Order dated June 6, 2019, which also advised that by failing to respond Caldwell risked having the motion granted

Caldwell's Eighth Amendment claim, however, is dismissed with prejudice. It is clear that any attempt to re-plead this claim would be futile. *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012) (explaining that a district court may deny leave to amend a complaint where such amendment would be futile).

**V.    CONCLUSION**

For the reasons discussed above, the Defendants' motion to dismiss is granted, in accordance with this decision. Caldwell is granted leave to amend his Complaint to re-plead his Fourth Amendment excessive force claim. His Amended Complaint must be filed within thirty (30) days of the issuance of this decision.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

as unopposed. *See* ECF No. 14. Through its own investigation, the Court has learned that Caldwell has been released from the Lehigh County Jail. It is apparent that he has failed to keep the Court apprised of his current address, as the address for the Lehigh County Jail remains Caldwell's address on the docket. In the Order granting him leave to proceed *in forma pauperis* dated January 23, 2019, Caldwell was advised of his obligation to notify the Clerk of the Court of any change in his address. *See* ECF No. 5, ¶ 12.